OPINION
Eddie Louis McDaniel appeals from his conviction in the Xenia Municipal Court of operating a motor vehicle while under the influence of alcohol.
McDaniel was arrested on May 24, 1998 and charged with the OMVI violation as well as driving while under suspension. On June 9, 1998 attorney Dane DeVeny entered his appearance on behalf of McDaniel, entered a written plea of not guilty on his client's behalf, waived speedy trial limits, and requested that discovery be provided his client.
On June 11, 1998 the court notified appellant and his counsel that a pre-trial had been scheduled for July 21, 1998 at 9:00 a.m. On July 8, 1998, attorney DeVeny filed a motion to withdraw as appellant's counsel. On July 15, 1998 the court issued an entry granting attorney DeVeny's motion. On July 17, 1998 the court received a fax from the Department of Veteran's Affairs requesting a continuance of appellant's court date. In response to this letter the trial court continued the pre-trial conference until August 11, 1998.
On August 13, 1998, appellant's new counsel, David Orlins, filed a motion to file a suppression motion instanter with the accompanying memorandum.
. . . [T]he undersigned was not retained and did not enter an appearance in this case until August 10, 1998. Discovery was not provided to Defendant or his counsel until the pretrial held on August 11, 1998. Only when the discovery material was received did counsel have sufficient information to believe that a pre-trial motion to dismiss the case for lack of probable cause to stop was justified.
No response to either motion was filed by the City of Xenia. On August 17, 1998 the trial court overruled the motion to extend the time for filing a pre-trial motion. Specifically, the court stated:
 The rule for this Motion does not depend on whether a Defendant waits three months to hire counsel. The time does not extend. This is far too late.
On August 18, 1998 the court notified appellant and his counsel that the case was scheduled for jury trial on October 1, 1998. On October 1, 1998 appellant entered a plea of no contest to the OMVI charge, and was found guilty. The court imposed a fine of $750.00 plus costs, sentenced appellant to 60 days in jail of which 50 were suspended on condition of no future violations within six years. Appellant was placed on probation for two years. Furthermore, the jail sentence was stayed, and the fine and costs paid were held as bond, pending completion of the appeal. From that judgment, appellant filed a timely notice of appeal to this court.
In a single assignment, appellant contends the trial court abused its discretion in overruling his motion to extend the time in which to file his suppression motion.
Appellant argues that he could not have complied with Crim.R. 12(C) which provides that all pre-trial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment because discovery was not provided to him until well after the thirty-five days had expired.
The State argues that the assignment should be overruled because the defendant could have requested copies of the police report from the Xenia Police Department, and in any event a motion to dismiss is not a proper vehicle for testing the sufficiency of the government's evidence.
In State v. Sargent (August 17, 1994), Clark App. 3042, unreported, this court held that where discovery is not provided to a defendant when requested and the deadline for filing a pre-trial motion has passed, the trial court abuses its discretion in not extending the deadline in the interest of justice.
The record in this case indicates appellant's first counsel made a timely request for discovery and the City does not dispute the appellant's assertion that the discovery was not provided as requested until August 11, 1998 two days before the motion to dismiss[1] was made. Accordingly, the appellant's assignment is sustained upon the authority of State v. Sargent, supra. InState ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, the Supreme Court held that in a criminal proceeding, a defendant may use only Crim.R. 16 to obtain discovery.
The judgment of the trial court is Reversed, and Remanded for further proceedings.
WOLFF, J., concurs.
[1] The State properly notes that a motion to "suppress" is the appropriate motion to file to challenge evidence obtained from an unlawful stop or arrest, not a motion to dismiss.